Salvatore LaMonica, as Chapter 7 Trustee
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516-826-6500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                  Chapter 7

WARRIOR POETS, INC.,                   Case No.: 19-12443 (SCC)


                            Debtor.
-----------------------------------------------------------x

## APPLICATION AUTHORIZING AND APPROVING THE EMPLOYMENT OF LAMONICA HERBST & MANISCALCO, LLP AS COUNSEL TO THE CHAPTER 7 TRUSTEE

The application ("Application") of Salvatore LaMonica, solely in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Warrior Poets, Inc. ("Debtor"), seeks entry of an Order authorizing and approving the employment of LaMonica Herbst & Maniscalco, LLP ("LH&M") as his counsel, effective as of July 29, 2019, and respectfully represents and alleges:

## PROCEDURAL BACKGROUND

1. On July 26, 2019 ("Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Court").

2. Salvatore LaMonica was appointed as the Chapter 7 Trustee of the Debtor's estate.

3. The initial section 341 meeting of creditors was scheduled for August 21, 2019, but was adjourned at the Debtor's request to September 25, 2019.

4. Prior to the Filing Date, the Debtor was engaged in the business of entertainment production, including for film and television, and operated out of leased premises in New York, New York. According to the Debtor's Schedule A/B, the Debtor's primary assets include editing

and movie production equipment and ownership interests in 25 limited liability companies. See Dkt. No. 1 at pp. 8-10. Upon his appointment, Debtor's counsel advised the Trustee that the Debtor's premises, where the Debtor's physical assets are located, may not be secure. The Trustee determined that it was necessary to immediately employ counsel to assist with securing and liquidating the Debtor's hard assets. The Trustee determined that he also requires counsel to assist with the potential sale of the Debtor's membership interests and to assist him with his investigation into the Debtor's pre-Filing Date financial affairs. The Trustee requested that LH&M begin providing legal services on July 29, 2019 ("Retention Date").

5. Subject to further Order of this Bankruptcy Court and without limitation, LH&M will render the following services to the Trustee and the estate:

   a. Assist the Trustee with securing and liquidating the Debtor's personal property;

   b. Assist the Trustee with an investigation into the Debtor's financial and business affairs including, but not limited to, any pre-petition transfers of property;

   c. Assist the Trustee with the potential sale of the Debtor's assets, including without limitation, the Debtor's interest in various limited liability companies;

   d. Investigate and advise the Trustee as to the actions and activities of any insider and the existence of any claims or causes of action that can be pursued for the benefit of the Debtor's estate;

   e. Assist the Trustee in the pursuit and recovery of any voidable transfers of the Debtor's assets under, inter alia, sections 544, 546, 547, 548 and 550 of the Bankruptcy Code and New York State Debtor Creditor law;

   f. Prepare, file and prosecute motions objecting to claims, as directed by the Trustee, that may be necessary to complete the administration of the Debtor's estate; and

   g. Prepare and file motions and applications as directed by the Trustee in connection with his statutory duties.

6. The Trustee seeks to employ LH&M on an hourly basis. As set forth in the annexed Affidavit of Holly R. Holecek, Esq. ("Affidavit"), LH&M's current hourly rates are as follows:

(a) up to two hundred dollars ($200.00) for para-professionals; (b) up to four hundred and twenty-five dollars ($425.00) for associates; and (c) up to six hundred and thirty-five dollars ($635.00) for partners.

7. As set forth in the Affidavit, LH&M will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, and Orders of the Court.

8. As set forth in the Affidavit, LH&M has no connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

9. To the best of the Trustee's knowledge, LH&M does not hold or represent an interest adverse to the Debtor's bankruptcy estate.

10. To the best of the Trustee's knowledge, LH&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that LH&M: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the Debtor's bankruptcy estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

11. Prior to the Retention Date, LH&M did not render any professional services to the Trustee in this case. LH&M represents or has represented Salvatore LaMonica in other matters unrelated to this case, including, representing Salvatore LaMonica in those cases in which he serves or has served as Chapter 7 Trustee and Chapter 11 Trustee.

12. No prior application has been made to this or any other Court for the relief sought herein.

**WHEREFORE**, the Trustee respectfully requests entry of the order authorizing the retention of LH&M as counsel to the Trustee effective as of the Retention Date.

Dated: September 10, 2019
       Wantagh, New York

                        By: *s/ Salvatore LaMonica*
                               Salvatore LaMonica, as Chapter 7 Trustee

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516-826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                  Chapter 7

WARRIOR POETS, INC.,                                       Case No.: 19-12443 (SCC)


                        Debtor.
-----------------------------------------------------------x

**AFFIDAVIT IN SUPPORT OF APPLICATION AUTHORIZING AND APPROVING THE RETENTION OF LAMONICA HERBST & MANISCALCO, LLP AS COUNSEL FOR THE TRUSTEE**

STATE OF NEW YORK     )
                                         ss:
COUNTY OF NASSAU     )

Holly R. Holecek, Esq., being duly sworn, deposes and says:

1. I am a partner of the law firm of LaMonica Herbst & Maniscalco, LLP ("LH&M"), which maintains its offices at 3305 Jerusalem Avenue, Wantagh, New York 11793. I am duly admitted to practice law before this Court and the courts of the State of New York.

2. I submit this affidavit in support of the application ("Application") of Salvatore LaMonica, solely in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Warrior Poets, Inc. ("Debtor"), seeking entry of an Order authorizing and approving the employment of LH&M as his counsel effective as of July 29, 2019.

3. The facts set forth herein are based upon personal knowledge, my review of information on the docket in this case, as well as information that has been provided to me. To the extent any information disclosed herein requires the subsequent amendment or modification of

5

this affidavit upon LH&M's completion of further review and analysis or as additional party-in-interest information becomes available to it, a supplemental affidavit disclosing such information will be filed with the Court reflecting such amended or modified information.

4. As set forth in the Application, the Trustee has indicated he requires counsel to assist him with securing and liquidating the Debtor's physical assets, and to assist with the potential sale of the Debtor's membership interests. The Trustee has indicated that he also requires counsel to assist him with his investigation into the Debtor's pre-petition financial affairs. At the Trustee's direction, LH&M began providing legal services to the Trustee on July 29, 2019 ("Retention Date").

5. LH&M possesses the requisite experience and expertise to advise the Trustee as his counsel in this case. LH&M has extensive experience representing chapter 7 and chapter 11 trustees and is well versed in the chapter 7 process. LH&M submits that its retention is essential to the Trustee's effective and efficient administration of the Debtor's bankruptcy estate.

6. In preparing this Affidavit, I used a set of procedures developed by LH&M to ensure compliance with the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals by a trustee under the Bankruptcy Code. I, along with my partners and associates of LH&M, conducted a search of LH&M's client database to determine whether LH&M had any connections to the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed by the Office of the United States Trustee.

7. To the best of my knowledge, and except as set forth herein, LH&M is not connected to the Debtor, the Debtor's creditors, any other party in interest, their respective

attorneys and accountants, the United States Trustee or any person employed by the Office of the United States Trustee.

8. To the best of my knowledge, LH&M does not, by reason of any direct or indirect relationship to or connection with the Debtor, or other parties in interest, hold or represent any interest adverse to the Debtor or to the Debtor's bankruptcy estate.

9. To the best of my knowledge, LH&M does not hold or represent an interest adverse to the Debtor or the Debtor's bankruptcy estate.

10. To the best of my knowledge, after due inquiry, neither LH&M nor any partner, counsel or associate of LH&M represents any entity or party in interest other than the Trustee in connection with this case.

11. To the best of my knowledge, LH&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that LH&M: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interests of the Debtor's bankruptcy estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

12. Prior to the Retention Date, LH&M did not render any professional services to the Trustee in this case. LH&M represents or has represented Salvatore LaMonica in other matters unrelated to this case, including representing Salvatore LaMonica in those cases in which he serves as Chapter 7 Trustee and Chapter 11 Trustee.

13. Based upon the foregoing, LH&M does not believe that it is conflicted from representing the Trustee in this case. LH&M regularly updates its client database and does not

open any new matter without reviewing the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.

14. LH&M will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, the Local Bankruptcy Rules for the Southern District of New York and Orders of the Court.

15. LH&M's current hourly rates are as follows: (a) up to two hundred dollars ($200.00) for para-professionals; (b) up to four hundred and twenty-five dollars ($425.00) for associates; and (c) up to six hundred and thirty-five dollars ($635.00) for partners.

16. Neither I, nor LH&M, nor any partner or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with this case other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York.

17. LH&M has not agreed nor will it agree to share compensation received in connection with this case with any other person, except as permitted by the section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among partners of LH&M.

*s/ Holly R. Holecek*
Holly R. Holecek, Esq.

Sworn to before me this 10th day of September 2019

*s/ Melanie A. FitzGerald*
Melanie A. FitzGerald
Notary Public, State of New York
No. 02FI4841188
Qualified in Nassau County
Commission Expires December 31, 2021